UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,

Plaintiff,

Case No. 1:26-cv-88

v.

JUDGE DOUGLAS R. COLE
ALLY FINANCIAL INC.,                   Magistrate Judge Litkovitz

Defendant.

OPINION AND ORDER

In her February 17, 2026, Report and Recommendation (R&R, Doc. 10, #189), Magistrate Judge Litkovitz screened Rosalind Holmes's Complaint under § 1915(e) and recommends the Court dismiss this action on the basis of res judicata. The Magistrate Judge also recommends the Court deny Holmes's request for a temporary restraining order, largely for the same reason. (*Id.*). Plaintiff objected, but that "objection" did not challenge the R&R directly. Rather, she moved to amend the complaint (Doc. 12), and then in her "objection" said that the Court should reject the recommended dismissal because of her desire to replead, (Doc. 13). For the reasons stated more fully below, the Court **DENIES** Holmes's Motion for Leave to File Amended Complaint (Doc. 12), **OVERRULES** Holmes's Objections (Doc. 13), **ADOPTS** the R&R's (Doc. 10) conclusions, and so **DENIES** Holmes's request for a

temporary restraining order, (Doc. 7), and **DISMISSES** the Complaint (Doc. 6), and the entire matter, **WITH PREJUDICE**.[1]

## BACKGROUND

Defendant Ally Financial Inc. repossessed and sold Plaintiff Rosalind Holmes's 2018 Toyota RAV4 LE. (Doc. 10, #186). Holmes now brings claims for "trespass & civil conspiracy" and "wrongful repossession & conversion" and seeks damages. (*Id.*). In her Complaint, Holmes also included an "Emergency Motion for Temporary Restraining Order" asking the Court to declare the repossession wrongful, enjoin Ally Financial from collecting any deficiency from the sale, enjoin Ally Financial from furnishing adverse credit information related to the RAV4, and order all related records preserved. (Doc. 6, #82–83).

Because Holmes sought to proceed in forma pauperis (IFP), the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On February 17, 2026, Magistrate Judge Litkovitz granted Holmes's request. (Doc. 5). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued her R&R recommending that the Court dismiss Holmes's Complaint. (Doc. 10, #189). There, the Magistrate Judge found that Holmes previously filed a complaint against Ally Financial in the Butler County, Ohio, Court of Common Pleas. (*Id.* at #186); *see Holmes v. Allied Financial, Inc.*, Case No. cv 2024-11-2332 (Butler Cty. Com. Pleas). Indeed, Holmes attached documents

---

[1] Although Holmes combined her Complaint and request for a temporary restraining order in one document, they were filed on the docket as separate entries. (Docs. 6, 7). The Court cites to the first filing throughout this opinion, but dismisses both entries.

from that case to her Complaint here. (*See* Doc. 6, #88–123). In that state case, Holmes had also brought claims based on the alleged unlawful repossession of her RAV4—claims that included conspiracy, breach of contract, and more. (*Id.*). There, the court of common pleas granted summary judgment to Ally Financial and entered judgment on its behalf. (*Id.*). Holmes did not appeal. (Doc. 10, #187).

Based on that, the Magistrate Judge determined that res judicata bars the present complaint and thus recommends the Court dismiss it. (*Id.*). The R&R notes that res judicata generally bars a later lawsuit between the same parties that advances the same claims or raises issues that could have been raised and decided in the prior action. (*Id.* (citing *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020))). And more specifically here, the Magistrate Judge found that a federal court must follow Ohio law and treat claims as barred when (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first action; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006). The Magistrate Judge further found all four elements present here. Accordingly, the R&R recommends dismissal with prejudice. (Doc. 10, #189).

The Magistrate Judge found that same reasoning also doomed Holmes's request for a temporary restraining order (TRO). Specifically, because res judicata

3

bars her claims, Holmes cannot demonstrate the strong likelihood of success on the merits that she needs to warrant such relief. (*Id.*). Then, under 28 U.S.C. § 1915(a), Magistrate Judge Litkovitz further found that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommends denying Holmes leave to appeal in forma pauperis. (*Id.* at #189–90).

The R&R also advised Holmes that she had fourteen days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #191 (citing *Thomas v. Arn*, 474 U.S. 140 (1985))); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Holmes needed to object by March 3, 2026. Which she did, sort of. Instead of objecting to the R&R's reasoning (res judicata), Holmes asks the Court for leave to amend her complaint, (Doc. 12), and then bases her objection on the grounds that the Court should grant that motion, (Doc. 13). In that proposed amended complaint, Holmes attempts a novel maneuver. She drops all her previous claims and instead alleges two violations of the Federal Credit Reporting Act (FCRA) by Ally Financial. (Doc. 12, #197). Holmes says that these claims could not have been brought in state court because the relevant conduct occurred *after* the Butler County judgment. (Doc. 13, #199). Specifically, she alleges that Ally Financial reported inaccurate information to consumer reporting agencies regarding Holmes's deficiency balance. (Doc. 12, #196). And that once Holmes

4

disputed that balance, Ally Financial failed to investigate and "continued to report inaccurate information" in violation of the FCRA. (*Id.* at #197).

The Court now addresses the R&R and Holmes's proposed amendment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Beyond that, because Holmes is proceeding pro se and IFP, some additional standards come into play, as well. First, Congress has authorized courts to sua sponte dismiss IFP complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). To overcome that hurdle, a plaintiff must allege "sufficient factual matter ... to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). While a "plausible" claim for relief does not require a showing of probable liability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That means the complaint must allege sufficient facts, taken as true, to allow the Court to "draw the reasonable inference that the defendant is liable." *Id.* And a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). In deciding whether the plaintiff has met that standard, though, a pro se plaintiff's complaint must be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## LAW AND ANALYSIS

The Court first evaluates Holmes's Motion for Leave to File an Amended Complaint (Doc. 12). Ultimately, the Court finds that the proposed amended complaint fails to state a claim and thus cannot survive screening. So, the Court denies Holmes's motion for leave to amend on futility grounds. And because Holmes had no other objections to the R&R, the Court then reviews that R&R for clear error. Finding none, the Court adopts it in its entirety, dismissing the matter.

**A.      Holmes's Proposed Amended Complaint Fails to State a Claim.**

Normally, a party may amend its pleading once as a matter of course within 21 days of serving. Fed. R. Civ. P. 15(a)(1). Here, Ally Financial remains to be served, so that clock has not yet started. But that does not end the inquiry. That is because Congress has authorized the sua sponte dismissal of in forma pauperis complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). So in evaluating Holmes's motion for leave, the Court asks, as it did with the initial Complaint, whether the proposed amendment could withstand a Rule 12(b)(6) motion. Ultimately the Court finds that it could not. That is because the proposed amended complaint merely recites the elements of claims instead of alleging sufficient facts to show plausibility under *Twombly* and *Iqbal*.

To explain that a bit further, look at the facts the proposed amended complaint offers. There, Holmes alleges that "[o]n March 13, 2025, the Butler County Court of Common Pleas entered judgment in a dispute arising from a Retail Installment Sale Contract." (Doc. 12, #196). Following that, Ally Financial "reported information to consumer reporting agencies regarding [an] alleged deficiency balance." (*Id.*). Holmes then disputed the accuracy of that reported deficient balance with three consumer reporting agencies, who then notified Ally Financial. (*Id.*). Following that, Ally Financial allegedly "failed to conduct a reasonable investigation" and "continued to report inaccurate information" regarding the balance Holmes still owed. (*Id.* at #196–97). That is the entirety of the "facts" Holmes alleges. Holmes asserts two counts: (1) one for a violation of 15 U.S.C. § 1681s-2(b), based on Ally Financial's alleged failure to conduct a reasonable investigation, review all relevant information, and

correct inaccurate reporting and (2) one for Ally Financial's "inaccurate post-sale reporting." *(Id.* at #197).

Admittedly, Holmes accurately describes the dispute and notice process she needed to follow before bringing a claim under § 1681s-2(b), and she alleges she followed it here. *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 517–18 (6th Cir. 2019) ("This Court has repeatedly held that consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s-2(b)."). And she accurately describes the legal duties the statute imposes on furnishers: conduct a reasonable investigation into the disputed information, review all relevant information, report the results of the investigation to the credit reporting agencies, and modify or delete any information that is inaccurate or cannot be verified during the investigation. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616–18 (6th Cir. 2012) ("[W]e conclude that FCRA expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s-2(b)."). But that is all Holmes alleges. True, as she is proceeding pro se, the Court must liberally construe her complaint. But that command assumes that there are facts to construe. Here there are none. Holmes merely recites the duties and says that Ally Financial violated them; she alleges no facts suggesting *how* Ally Financial did so. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As just one example, look at Holmes's claim that Ally Financial failed to conduct a reasonable investigation. She does not say *what* the investigation entailed, or *why* it was unreasonable—i.e.,

8

whether it was a sham investigation, or if she has reason to believe that Ally Financial never undertook it at all. But merely asserting that Ally Financial conducted an unreasonable investigation, without *any* surrounding details, amounts to nothing more than couching legal conclusions as factual allegations. *Twombly*, 550 U.S. at 556 (citation omitted). Or put another way, Holmes offers no allegations that allow the Court to plausibly infer that Ally Financial in fact violated the duties that the FCRA imposes. Accordingly, because her proposed amended complaint could not survive screening, the Court denies her leave to file it.

**B.    The Court Adopts the R&R in its Entirety, Dismissing the Complaint and Denying the Motion for a Temporary Restraining Order.**

That leaves the R&R on her original complaint. Because Holmes offers no substantive objections to the R&R itself, the Court reviews it for clear error.[2] And, having reviewed the R&R, the Court finds none.

The Court agrees that Holmes's Complaint is barred by res judicata and subject to dismissal. (Doc. 10, #187). The R&R correctly states the four elements for res judicata under Ohio law (set forth above). And it did not clearly err in finding each of the four present here. No one can dispute that Holmes previously sued Ally Financial in state court, and that Ally Financial received a judgment in its favor, satisfying the first two elements. (Doc. 10, #189). And the Magistrate Judge did not clearly err in finding that Holmes could have brought her present claims—"wrongful repossession & conversion" and "trespass & civil conspiracy"—in that prior action;

---

[2] Indeed, Holmes appears to be abandoning the claims she raised in her original complaint. (*See* Doc. 13, #199).

9

indeed, it appears that she did. (*Id.*; Doc. 6, #120). Finally, the R&R likewise did not clearly err in finding that her claims in this matter arise out of the same transaction as those in that matter: the repossession of her vehicle. So the Court finds no clear error in the recommendation to dismiss Holmes's Complaint (Doc. 6), and thus the Court adopts that recommendation.

Nor did the Magistrate Judge commit clear error in recommending the Court deny the TRO. To obtain a preliminary injunction or temporary restraining order, Holmes must show "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (collecting cases). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Holmes seeks a TRO based on the claim she advances in her complaint. As noted above, the Court is dismissing those claims. Accordingly, she has no chance of success on the merits and so the Court adopts the Magistrate Judge's recommendation to deny the request for a TRO.

## CONCLUSION

For the reasons above, the Court **DENIES** Holmes's Motion for Leave to File an Amended Complaint (Doc. 12) and **OVERRULES** Holmes's Objections (Doc. 13). Accordingly, the Court **ADOPTS** the R&R (Doc. 10) in its entirety, **DENIES** her request for a temporary restraining order (Doc. 7) and **DISMISSES** her Complaint

10

(Doc. 6), and the entire matter, **WITH PREJUDICE**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

     **SO ORDERED.**

April 30, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**